|                                    |   |                                      |
| ---------------------------------- | - | ------------------------------------ |
| NICKY JOE HIGNIGHT, #10962-078     | § |                                      |
|                                    | § |                                      |
| *versus*                           | § | CIVIL ACTION NO. 4:16-CV-838         |
|                                    | § | CRIMINAL ACTION NO. 4:14-CR-129(04)  |
| UNITED STATES OF AMERICA           | § |                                      |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 should be denied. Movant has filed objections.

Movant brings two claims. He initially alleges that his attorney was ineffective for failing to file a notice of appeal. To prove that his attorney was ineffective, Movant must show (1) that his attorney's performance was deficient, and (2) that deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record reveals that counsel discussed an appeal with Movant after he was sentenced, and Movant signed a statement instructing his attorney not to file an appeal. The claim lacks merit since the record conclusively shows that he did not ask his attorney to file a notice of appeal. *Harper v. United States*, 354 F. App'x 151, 152 (5th Cir. 2009). Moreover, Movant cannot show harm since he subsequently timely filed a *pro se* notice of appeal.

Movant is also challenging his sentence. He argues that he no longer meets the criteria to be classified as a career offender under the United States Sentencing Guidelines. In support of the claim, he cites *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), *Mathis v. United*

*States*, 579 U.S. ___, 136 S. Ct. 2243 (2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

*Johnson* and its progeny concern whether a defendant may be sentenced under the Armed Career Criminal Act. The United States Supreme Court provided the following analysis in declining to extend *Johnson* to the sentencing guidelines:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (U.S.S.G.). This Court held in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 890 (2017). In light of *Beckles*, Movant's challenge to his classification as a career offender under the sentencing guidelines lacks merit. He has not shown that he is entitled to relief with respect to his sentence.

In his objections, Movant argues that his attorney was ineffective in not challenging his designation as a career offender. Counsel, however, had no basis for challenging the designation. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that

the findings and conclusions of the Magistrate Judge are correct and the objections of Movant are without merit.

It is accordingly **ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice.  A certificate of appealability is **DENIED**.  All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Plano, Texas, this 15th day of February, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE